GORDON *et al. v.* MCLEROY.

FISH, J.　1. Where partitioners report that " said lands can not be divided by metes and bounds, as it would decrease the value of the entire lands by said partition," an objection to their return merely setting forth, in general terms, that the lands in question " can not be sold without great sacrifice and injury to the parties at interest," is not good, in the absence of any allegation show-. ing why this is so.

2. Though in a devise of lands to a daughter of the testator and her children it be declared that " The property willed to my [daughter] is to be kept for [her] and [her] children's own use and benefit, free from all debts and control of any husband or person whatever," it is nevertheless the right of any one of

the several devisees to have the realty partitioned. The word "kept" must be construed in connection with the words " free from all debts," etc., and thus construed the devise does not mean that the property must be kept together indefinitely as against the rights of the tenants in common to a partition.

>Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.

Submitted May 1, — Decided June 11, 1902.

Application for partition.    Before Judge Butt.    Harris superior court.    October 17, 1901.

*H. C. Cameron,* for plaintiffs in error.    *B. H. Walton,* contra.

>Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.